IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA,
TALLAHASSEE DIVISION

PROPHET PAULCIN,
    Plaintiff,

v.

DUANE SPEARS, et al.,
    Defendants.

CASE NO. 4:10-cv-483-RH/WCS

### PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

TO:  The Honorable Judges of the Northern District of Florida

Petitioner, PROPHET PAULCIN, through undersigned counsel, would show:

1. He is the plaintiff in the above-styled action.

2. This matter is set for trial commencing October 17, 2011.

3. PROPHET PAULCIN, Plaintiff herein, is currently in the custody of the Florida Department of Corrections, at Union Correctional Institution. His presence and testimony will be necessary to the proceedings.

4. The presence of the Plaintiff does not present security risks different in kind from those presented by other prisoners who might testify in court.

5. The presence of the Plaintiff will not present any unusual transportation and safekeeping costs. Movement of prisoners to court is routine. The Florida Department of Corrections has well-established procedures to facilitate such transfers.

6.   A Proposed Writ of Habeas Corpus ad Testificandum will be sent by e-mail.

MEMORANDUM OF LAW

Writs of Habeas Corpus ad Testificandum are authorized by 28 U.S.C. § 2241(c)(5). *Pennsylvania Bureau of Corrections v. U.S. Marshals Service*, 474 U.S. 34, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985); *Ballard v. Spradley,* 557 F.2d 476 (5th Cir. 1977). In *Ballard*, the former Fifth Circuit said:

> Precedent for the district court's use of the writ of habeas corpus ad testificandum to command the presence of these witnesses is steeped in history. Judge Blackstone describes habeas corpus as "the most celebrated writ in the English law. Of these there are various kinds made use of by the courts at Westminster, for removing prisoners from one court in to another, for the easy administration of justice." 3 Commentaries * 129. The writ of habeas corpus ad testificandum, issued to secure the presence of a prisoner at trial for testimony, is among those listed. Id. * 130. Congress authorized federal courts to issue writs of habeas corpus in the Judiciary Act of 1789, c. 20, § 14, 1 Stat. 81-82, and Mr. Justice Marshall in *Ex parte Bollman,* 8 U.S. (4 Cranch) 75, 98-99, 2 L.Ed. 554, 562 (1807), citing 3 W. Blackstone, Commentaries * 129-30, interpreted this section to encompass the authority to issue writs of habeas corpus ad testificandum. In *Ex parte Dorr,* 44 U.S. (3 How.) 103, 105, 11 L.Ed. 514, 515 (1845), the United States Supreme Court concluded that the federal court's authority to issue the writ to secure the testimony of prisoners extended to those persons in custody under a sentence or execution of a state court. See also *Adams v. United States*, 423 F.Supp. 578 (E.D.N.Y. 1976). (Writ of habeas corpus ad testificandum issued to secure state prisoner's testimony before a United States Grand Jury.)

557 F.2d at 479-80.

The decision to issue the writ rests within the sound discretion of the Court. *Ballard, supra*, 557 F.2d at 480; *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). In exercising its discretion, the Court must consider "such factors as whether the prisoner's presence will substantially further the resolution of the case, the security

risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Ballard, supra*, 557 F.2d at 480; Poole, supra, 819 F.2d at 1028. However, the probability of success on the merits or the value of the case are not factors which may be considered. *Ballard, supra*, 557 F.2d 481; Poole, supra, 819 F.2d at 1028-29.

In general, there must be adequate alternatives if the prisoner is not to be present. *Poole v. Lambert, supra*. And, as the Court noted in *Ballard*, although the prisoner does not have an absolute right to be present, "when the file and record require the district court to make credibility choices, the petitioner is entitled to a day in court with live testimony." 557 F.2d at 480.

WHEREFORE, Petitioner prays that this Court issue a Writ of Habeas Corpus ad Testificandum to the Superintendent of the prison where the Plaintiff is confined, ordering him or her to bring Plaintiff before this Court to testify in said case and to be returned to the Superintendent of said Institution as soon as said trial is completed.

          Respectfully submitted,

          *s/James V. Cook*
          JAMES V. COOK, ESQ.
          Florida Bar Number 0966843
          314 West Jefferson Street
          Tallahassee, Florida 32301
          (850) 222-8080; 561-0836 fax
          cookjv@nettally.com

I CERTIFY the foregoing was filed electronically on 9/27/11 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

MARK HIERS
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050

                                                     *s/James V. Cook*
                                                     JAMES V. COOK