UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROPHET PAULCIN,
    Plaintiff,

v.

DUANE SPEARS, et al.,
    Defendants.

CASE NO. 4:10-cv-483-RH

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR COSTS AND REQUEST FOR STAY OF RULING ON COSTS**

COMES NOW Plaintiff, PROPHET PAULCIN, by and through the undersigned attorney, and submits this objection to Defendants' Bill of Costs for $1,999.05. Plaintiff's objections should be sustained because Defendants seek to tax costs that are not recoverable under 28 U.S.C. §1920. Correct costs would be $494.60. Further, because this case may be appealed to the Eleventh Circuit, Plaintiff requests that the court delay ruling on this issue until final resolution of the case.

MEMORANDUM OF LAW

Not every cost associated with litigation is taxable or recoverable under 28 U.S.C. § 1920. The statute limits recovery of costs to the following specific items:

    (1)  Fees of the clerk and marshal;

    (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

1

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under Section 1923 of the Title; and

(6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

### A. Summons and Subpoena Costs

Defendant submitted $160.00 in its bill of costs for summons and subpoena costs. The subpoena costs were for three witnesses, John Summerhill, Donald Curlee, and Corey Griffin (for service at two different addresses). Three of the Defendants were dismissed from the case prior to the time of the trial. Of the remaining Defendants, two were found liable and one, Nurse Jennifer Larkin, was granted qualified immunity by the Court. The testimony of the three witnesses had no relationship to facts bearing on the liability of Defendant Larkin or underlying qualified immunity. Therefore, Defendants are not entitled to tax any of the costs for service of these trial witnesses.

### B. Necessary Transcripts

Defendant submitted $543.00 in its bill of costs for deposition transcripts. Whether costs for a deposition are taxable depends on whether the deposition was wholly or partially "necessarily obtained for use in the case." *U.S. E.E.O.C. v.*

*W&O, Inc,* 213 F.3d 600, 621 (11th Cir. 2000) (quoting *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. 1981). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Goodwall Const. Co. v. Beers Const. Co.,* 824 F.Supp. 1044, 1066 (N.D.Ga.1992). A party's transcription costs must be reasonably necessary to litigation of case. *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144 (Cir. 10 Okla. 2009).

Certainly $494.60 for the transcript of the deposition of the Plaintiff would be taxable since the transcript was used in Defendants' Motion for Summary Judgment. However, Defendants have sought to bill for deposition costs for witness Rose as well. At the time of the Rose deposition, four of the Defendants had been granted summary judgment. Of the other three, the Court entered judgment against two and as to the third, Nurse Jennifer Larkin, the deposition of witness Larry Rose had nothing to do with the facts underlying the grant of qualified immunity to her. The applicable statute refers to the cost of "the stenographic transcript *necessarily* obtained for use in the case." (*Emphasis added).* In *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963), the court recognized the question to be "[W]hether in the particular circumstances of a specific case, there is a reasonable need that counsel have a copy" of the deposition. *Id* at 840. *Morris v. Carnathan*, 63 F.R.D. 374, 379 (N.D. Miss. 1974). Thus $43.50 should be deducted from the taxable costs. Since there is no basis for taxing costs for postage for the

3

transcripts, the postage charge of $4.95 should also be deducted.

### C. Witness compensation

Defendants seek to tax costs of $1,250.00 for witness fees for three trial witnesses. The costs include a $40 per-diem for four days of attendance for each of three witnesses – Corey Griffin, John Summerhill, and Donald Curlee. Each of these witnesses testified briefly in the Defendants' case and were briefly cross-examined. Defendants had the discretion to bring the witnesses either on the third or fourth day. There was no reason for the witnesses to attend for four days or to receive a $40 per-diem for the four days. Thus, $120 for each witness was spent unnecessarily and should not be taxed.

More importantly, four of the Defendants were dismissed from the case prior to the time of the trial. Of the remaining three Defendants, two were found liable and one, Nurse Jennifer Larkin, was granted qualified immunity by the Court. The testimony of the three witnesses had no relationship to any facts bearing on the liability of Defendant Larkin or underlying qualified immunity. Therefore, Defendants are not entitled to tax any of the costs for these witnesses.

### D. Copy costs

Defendants have billed $46.05 for copies. However neither the motion nor the list of documents indicate why the copies – which include notices of appearance and answers to the complaint and other documents filed in the case – had to be reproduced in the course of litigation.

### E. Ruling should be delayed

Plaintiff plans to appeal this judgment. A Motion to Alter or Amend Judgment will be filed shortly. The Court has discretion to defer a ruling on the taxation of costs until after a final disposition of the case. *See American Infra-Red Radiant Co. v. Lambert Industries, Inc.*, D.C.Minn.1966, 41 F.R.D. 161 (D.C. Minn. 1966) (Where losing party in patent infringement case had petition for certiorari pending before United States Supreme Court, district court in exercise of its discretion would grant continuance of taxation of costs pending disposition of petition for certiorari). It would not make sense to grant costs to Defendants when the costs would have to be disgorged if Plaintiffs prevailed on their appeal.

### F. Conclusion

For the reasons above, Defendant's bill of costs of $1,999.05 should be reduced by $1,504.45, leaving $494.60. However, Plaintiff asks the Court to defer its ruling on costs until the conclusion of the appeal in this matter.

WHEREFORE, Plaintiff requests that the Court grant Plaintiff's objections to the Bill of Costs but delay ruling until the conclusion of Plaintiff's Appeal.

Respectfully submitted,

*s/ James V. Cook*
JAMES V. COOK
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax

5

I CERTIFY the foregoing was filed electronically on 12/26/11 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

Mark Hiers  
Office of the Attorney General  
PL 01 The Capitol  
Tallahassee, Florida 32311

Lance Neff  
Office of the Attorney General  
PL 01 The Capitol  
Tallahassee, Florida 32311

            *s/James V. Cook*  
            JAMES V. COOK