IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROPHET PAULCIN,

    Plaintiff,

v.

DUANE SPEARS, et al.,

    Defendants.

Case No.: 4:10-cv-483-RH

## PLAINTIFF'S MOTION FOR NEW TRIAL

Plaintiff PROPHET PAULCIN, by and through the undersigned attorney, submits this motion under Rule 59, Federal Rules of Civil Procedure, for new trial and would show:

1. This case came on for trial commencing October 17, 2011, and ending October 20, 2011. The jury returned a verdict in favor of Plaintiff as to Defendants Sims, Paynter and Larkin and in favor of Defendants Barfield and Gilliam. (Doc 88)

2. Previously, in response to the Defendants Motion for Summary Judgment, the Court granted summary judgment for Defendants Duane Spears and Corey Griffin. (Doc 51).

3. Subsequent to the trial, the Court granted qualified immunity to Defendant Jennifer Larkin. (Doc 92).

4. A new trial is warranted in that the verdict was against the great weight of evidence and that a substantial miscarriage of justice resulted from:

   a. The grant of summary judgment to Defendant Griffin

   b. The Court's reduction of damages to one dollar based on a jury finding of "no significant injury."

   c. The Court's admission of a U.S. Department of Justice document on the effects of pepper spray as used by law enforcement officers

   d. The grant of qualified immunity to Larkin

## I. The Court Erred in Granting Summary Judgment to Defendant Griffin

The Court granted Summary Judgment to the defendant Corey Griffin, the correctional officer who called Plaintiff an obscene name and taunted him, saying that, "we gonna get your ass." (Paulcin deposition, page 12). Later, after Plaintiff had been sprayed, Griffin made fun of Plaintiff for crying "and he was like, well, take that." (Paulcin deposition, page 18).

The Court granted Griffin summary judgment because, "Mr. Griffin did not participate in or authorize the spraying. Indeed, Mr. Sims and Mr. Paynter outranked Mr. Griffin; he had no authority to order them to do—or not to do—anything." The Court relied on *Keating v. City of Miami*, 598 F.3d 753, 765 (11th Cir. 2010).

In *Keating*, Miami Police Major Adam Burden was present when their subordinate officers "herded" demonstrators out of the demonstration area in violation of their first amendment rights. The court there found Burden not liable

2

on a failure to intervene claim because the "herding" had been set in motion by officers still higher in rank than Burden and he had no authority to countermand their orders. Burden had been singled out because he was a superior officer and because he was present. *Id.*

The defense that a subordinate cannot resist the orders of a superior is sometimes called the "Nuremburg Defense." Even to the extent that this defense may obtain in the Eleventh Circuit, these facts do not justify it. Officer Griffin was not simply a bystander. He was clearly privy to the planning to gas Plaintiff. He encouraged it with his taunts and jeers, and he was Plaintiff's escort through the various stages of abuse he suffered and prolonged the abuse by failing to report it. And co-equal officers do not act to intervene to prevent a constitutional abuse on the basis of "authority." One correctional officer may not have any authority to tell another what to do but must still intervene to prevent the abuse, if able, or be guilty of abuse as well.

## II.   The Court Erred in Reducing Plaintiff's Damages to One Dollar

Though section 1997e(e) does not define physical injury, courts have concluded that "the physical injury must be more than *de minimis*, but need not be significant." *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir.1999), *vacated, in part, on other grounds*, 216 F.3d 970 (11th Cir.2000) (en banc ). *Johnson v. Breeden*, 280 F.3d 1308, 1312, 1321 (11th Cir.2002) (a head injury that caused swelling and seizure, along with lacerations and contusions, constituted more than *de minimis* injury).

In *Wilkins v. Gaddy*, the U.S. Supreme Court rejected the idea that "significant injury" is a threshold requirement for an excessive force claim. The Court found that:

> The "core judicial inquiry," was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 7, 112 S.Ct. 995; see also Whitley v. Albers, 475 U.S. 312, 319-321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 112 S.Ct. 995; see also id., at 13-14, 112 S.Ct. 995 (Blackmun, J., concurring in judgment) ("The Court today appropriately puts to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with 'significant injury,' e.g., injury that requires medical attention or leaves permanent marks").

*Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).

In this case, the instruction to the jury to the effect that an injury must be "significant" to be compensable was in error. A motion for new trial under Rule 59, Federal Rules of Civil Procedure, can also be based on improper instructions. To warrant a new trial based on an erroneous jury instruction, "a party must establish that [a] challenged instruction was an incorrect statement of the law, and that it was probably responsible for an incorrect verdict leading to substantial injustice." *Busch v. County of Volusia*, 189 F.R.D. 687, 695-96 (M.D.Fla.1999); *Johnson v. Clark*, 484 F.Supp.2d 1242 (M.D. Fla. 2007).

In this case the circumstances are a little different. Plaintiff did not object to the instruction but the failure to object did not lead to the reduction of damages to one

4

dollar since the jury did not follow the instruction and awarded Plaintiff $33,000 while finding no "significant" injury. The jury's finding and award were not contrary to the law. The award should have stood.

### III.  The Court Erred in Admitting a DOJ Report on Pepper Spray

Initially, the Court appeared to reject the Defendants' last-minute efforts to introduce a self-serving report by the Department of Justice suggesting that pepper spray is not harmful. As the parent agency of both law enforcement and prison arms, the DOJ is subject to litigation on the use of the substance and is not a neutral reporter.

During the proceedings, the Court reversed itself in circumstances that made the airing of arguments against the admission impossible. To the extent that the report would have made the jury feel that pepper spray was harmless, the admission of this untrustworthy document contributed to the unjust result with regard to damages.

### IV.  Defendant Larkin Is Not Entitled to Qualified Immunity

The Court erred in finding that Defendant Larkin was entitled to qualified immunity. The dimensions of Eighth Amendment rights are clearly established. In *McElligott v. Foley*, 182 F.3d 1248 (1999), the Eleventh Circuit held that "[a] finding of deliberate indifference [in failure to treat cases] necessarily precludes a finding of qualified immunity; prison officials who deliberately ignore the serious medical needs of inmates cannot claim that it was not apparent to a reasonable person that such actions violated the law." *Id.* At 1260, *citing  Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1186 (11th Cir.1994) *quoting Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir.1992).

## NOTICE ON TRANSCRIPT

At this point, Plaintiff has not ordered a transcript of the Trial. If the Court will consider this Motion accompanied by a transcript, Plaintiff would ask the Court for the opportunity to have the transcript made.

## CONCLUSION

For all the foregoing reasons, Plaintiff Paulcin respectfully moves that the Court vacate its final judgment and grant Plaintiffs a new trial.

Respectfully submitted,

*s/ James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax

I CERTIFY the foregoing was filed electronically on 12/28/2011 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

Mark Hiers
Attorney General's Office
PL 01 The Capitol
Tallahassee, FL 32399

*s/James V. Cook*
JAMES V. COOK